| |
|---|
| **Shilian v EOM Fountain Sq. LLC** |
| 2026 NY Slip Op 30637(U) |
| February 19, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 655330/2025 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

PART 11M

-----------------------------------------------------------------------------X

ELCHONON SHILIAN, H&S CAPITAL GROUP NYC LLC,HS CAPITAL FS, LLC,JOHN ABENE, FOUNTAIN SQUARE LLC,F.S. SHELTON LLC

Plaintiff,

- v -

EOM FOUNTAIN SQUARE LLC,MOSHE JACOBOWITZ,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655330/2025 |
| MOTION DATE | 10/30/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, the motion is granted.[1]

## Background

Defendant EOM invested $2.5 million into HS Capital as part of their investment into the Fountain Square real estate development project. On November 30, 2022, Defendant EOM and Plaintiff Shilian entered into an Amended and Restated Operating Agreement of HS Capital FS, LLC to reflect this investment. This agreement included a required 9% return on investment to be paid to EOM from HS Capital, personally guaranteed by Plaintiff Shilian. The agreement also states that HS Capital could not approve of any financing or selling of property without approval of all Members including EOM and that any dispute or breach of this Agreement should be determined exclusively by Connecticut courts.

---

[1] The Court would like to thank Gideon Soule, Cole Dorsey, and Dana Cohen for their assistance in this matter.

**655330/2025   SHILIAN, ELCHONON ET AL vs. EOM FOUNTAIN SQUARE LLC ET AL   Page 1 of 4**
  **Motion No.  001**

[* 1]

EOM brought a suit against Plaintiff in April 2024 in Connecticut Superior Court titled *EOM Fountain Square LLC v. Elchonon Shilian et al.*, No. AAN-CV-24-6055880-S (Conn. Super. Ct. J.D. of Ansonia-Milford at Milford). This suit alleged breach of the Agreement due to the failure to make Preferred Payments and unauthorized transfer of the Project. This suit was resolved with a settlement agreement which required payment of the outstanding Preferred Payments and amendments to the Operating Agreement. The settlement did not include any release from the original agreement for Plaintiffs. The parties agreed to resolve any breach of the Settlement Agreement in the Supreme Court of New York. After Plaintiffs' alleged breach of the Settlement Agreement, *EOM Fountain Square LLC v. Abene et al.*, 650395/2025 (Sup. Ct. N.Y. County Jan. 23, 2025) was filed and later voluntarily dismissed by EOM due to Plaintiffs' claim that the New York Supreme Court did not have jurisdiction.

In September 2024, Plaintiffs allegedly refinanced the project without EOM's knowledge or approval, breaching the Settlement Agreement, as well as stopping Preferred Payments again. This led to EOM filing *EOM Fountain Square LLC v. Elchonon Shilian et al.*, No. AAN-CV25-6063006 in Connecticut. Plaintiffs then moved to dismiss this action on the grounds that the Settlement Agreement required litigation to commence in New York. This motion was denied. Upon denial of the motion to dismiss the Connecticut lawsuit, Plaintiffs brought this case to the New York Supreme Court on September 8, 2025. This case alleges breach of the Settlement Agreement and slander of Plaintiffs' title through Defendant's alleged wrongful filing of a Lis Pendens.

**Discussion**

655330/2025   SHILIAN, ELCHONON ET AL vs. EOM FOUNTAIN SQUARE LLC ET AL          Page 2 of 4
  Motion No.  001

2 of 4

[* 2]

Before the court is a motion to dismiss subject to CPLR §§ 3211(a)(1), 3211(a)(4), and 3211(a)(7). Defendants seek dismissal because the case is allegedly a mirror image of a Connecticut case, and Plaintiffs allegedly seek a ruling that contradicts a Connecticut court's ruling in violation of principles of comity. N.Y. CPLR § 3211(a)(4) states in the pertinent part that a party may move to dismiss where: "there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such orders as justice requires." CPLR § 3211(a)(4) "vests a court with broad discretion in determining whether to dismiss an action on the ground that another action is pending between the same parties on the same cause of action." *Alvarez & Marshal Valuation Servs., LLC v. Solar Eclipse Inv. Fund III, LLC*, 216 A.D.3d 447, 448 (1st Dept. 2023) (citing *Whitney v Whitney*, 57 N.Y.2d 731, 732 (1982)).

Defendants cite *Alvarez* along with *Nurlybayev v. SmileDirectClub, Inc.*, 205 A.D.3d 455, 456 (1st Dept. 2022)(holding that dismissal was proper when the prior pending case had substantially similar causes of action, parties, and relief sought) to support their motion. In further support, they also cite to *City Trade & Indus. v New Cent. Jute Mills Co.*, 25 N.Y.2d 49, 58 (1969). This case states, "It has always been the rule that proceedings begun in another State should not be interfered with unless there is some necessity clearly shown. Generally, the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere." *Id*. Since there is a lawsuit in Connecticut that addresses the same issues as are raised in the one before this court, the rules of comity indicate that proceedings should be handled in the Connecticut courts.

Plaintiffs assert that the cases in New York and Connecticut are sufficiently different that the case may proceed in this court. In support of this assertion, they state that the New York case

655330/2025   SHILIAN, ELCHONON ET AL vs. EOM FOUNTAIN SQUARE LLC ET AL          Page 3 of 4
  Motion No.  001

3 of 4

arises from breach of the Settlement Agreement, while the Connecticut case arises from breach of the Capital Agreement. As the Settlement Agreement has a New York venue provision for disputes concerning breach, it is their position that this Court is the appropriate venue for this case. They further assert that the named parties are different in the two suits, yet they make no argument as to why or how this should supersede the rules of comity

Since the Connecticut court has already ruled that it has jurisdiction over the dispute, Plaintiff should bring its claims as counterclaims in the Connecticut court. To do otherwise would violate the principles of comity and could lead to conflicting rulings. In "considering dismissal pursuant to CPLR 3211 (a) (4), courts evaluate: (1) whether there is sufficient identity of the parties; (2) whether both actions arise out of the same transaction, and whether the factual allegations are sufficiently similar; and (3) whether the same recovery is sought." *417 N. Comanche St., LLC v. EMRES II Tex., LLC*, 243 A.D.3d 430, 432 (1st Dept. 2025). New York courts generally follow the so-called first-in-time rule, which provides the court which has first taken jurisdiction is the one in which the matter should be determined, and it is a violation of the rules of comity to interfere. *Id*. Here, all factors lead this court to conclude that the motion should be dismissed under CPLR § 3211(a)(4). Accordingly, it is hereby

ADJUDGED that the motion is granted, and the case is dismissed.

20260219171759LFRANK6332D7159C984BA29CECF58DF9E77060

| 2/19/2026 | | LYLE E. FRANK, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

655330/2025   SHILIAN, ELCHONON ET AL vs. EOM FOUNTAIN SQUARE LLC ET AL
Motion No.  001

Page 4 of 4

4 of 4

[* 4]